UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE KOLITSOPOULOS,

        Plaintiff,

v.                                       Case No.  8:06-cv-177-T-24 MAP

INTERNAL REVENUE SERVICE,

        Defendant.

_____/

**ORDER**

       This cause comes before the Court on Defendant's Motion to Dismiss.  (Doc. No. 10).

Defendant moves to dismiss this case for failure to state a claim, arguing that the doctrine of res

judicata bars this tax refund suit.  Res judicata bars the filing of a claim when the following

elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered

by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in

both suits; and (4) the same cause of action is involved in both cases."  Ragsdale v. Rubbermaid,

Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

       Defendant argues that the claims in the instant case were all part of an earlier lawsuit,

George Kolitsopoulos, et al. v. Internal Revenue Service, 8:02-cv-845-T-24-MAP.  In the prior

case, Plaintiff originally filed suit against the I.R.S. for a refund of the following: (1) an

overpayment of $4,374.77 in interest relating to payroll taxes that were in arrears for the period

of December 31, 1981 through November 15, 1982, (2) an overpayment of $4,907 due to his

1987 estimated tax payments, (3) an overpayment of $2,169 due to his 1990 estimated tax

payments, and (4) an overpayment of $14,546.98 relating to payroll taxes owed for the last

quarter of 1982.  (02-845: Doc. No. 1).  In response, the I.R.S. moved to dismiss the prior case

for lack of subject matter jurisdiction.  (02-845: Doc. No. 19).  One of the arguments made by

the I.R.S. was that Plaintiff could not pursue a refund of any of the overpayments other than the

overpayment of $14,546.98 relating to payroll taxes owed for the last quarter of 1982, because

Plaintiff did not file an administrative claim for refund relating to the other overpayments.  (02-

845: Doc. No. 19).  In responding to the motion, Plaintiff conceded to failing to file any

administrative claims for refund relating to the other overpayments.  (02-845: Doc. No. 21).  The

Court granted the motion to dismiss, finding that (1) Plaintiff could not pursue a refund of any of

the overpayments other than the overpayment of $14,546.98 relating to payroll taxes owed for

the last quarter of 1982, because Plaintiff did not file any administrative claims for refund

relating to the other overpayments; and (2) Plaintiff failed to allege the jurisdictional

prerequisites for the overpayment relating to the payroll taxes owed for the last quarter of 1982.

(02-845: Doc. No. 25).

Thereafter, Plaintiff filed an amended complaint and a second amended complaint in the

prior case.  (02-845: Doc. No. 27, 32).  In the second amended complaint in the prior case,

Plaintiff asserted a tax refund claim relating only to the overpayment of his payroll taxes for the

last quarter of 1982.  (02-845: Doc. No. 32).  The Court held a non-jury trial on this claim and

awarded Plaintiff $300, plus prejudgment interest.  (02-845: Doc. No. 58).

After appealing the judgment in the prior case, Plaintiff filed the instant case in which he

seeks a refund for the same overpayments that were set forth in the original complaint in the

prior case: (1) an overpayment of $4,374.77 in interest relating to payroll taxes that were in

arrears for the period of December 31, 1981 through November 15, 1982, (2) an overpayment of

$4,907 due to his 1987 estimated tax payments, (3) an overpayment of $2,169 due to his 1990 estimated tax payments, and (4) an overpayment of $14,546.98 relating to payroll taxes owed for the last quarter of 1982.  (06-177: Doc. No. 1).

In response to the complaint in the instant case, Defendant has filed a motion to dismiss for failure to state a claim.  Defendant is directed to supplement its motion to dismiss by explaining how res judicata applies to bar Plaintiff's claim for a refund based on (1) an overpayment of $4,374.77 in interest relating to payroll taxes that were in arrears for the period of December 31, 1981 through November 15, 1982, (2) an overpayment of $4,907 due to his 1987 estimated tax payments, and (3) an overpayment of $2,169 due to his 1990 estimated tax payments, since these refund claims were dismissed for lack of subject matter jurisdiction prior to the trial on the merits of Plaintiff's tax refund claim based on the overpayment of payroll taxes for the last quarter of 1982.  See Willis v. U.S., 2003 WL 1870546, at *1 (W.D. Wash. Jan. 15, 2003)(stating that timely filing of an administrative refund claim is an element necessary for the court's subject matter jurisdiction).  A dismissal for lack of subject matter jurisdiction is not a final judgment on the merits that gives rise to a res judicata defense.  See Schafler v. Indian Spring Maintenance Association, 139 Fed. Appx. 147, 150 (11th Cir. 2005)(citation omitted).  As such, Defendant must supplement its motion and further address whether Plaintiff's entire complaint fails to state a claim.

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Defendant is directed to supplement its motion to dismiss by June 12, 2006; and

(2)     Plaintiff is directed to file a response to Defendant's motion to dismiss and

        supplement thereto no later than ten days after Defendant files its supplement.

3

**DONE AND ORDERED** at Tampa, Florida, this 26th day of May, 2006.

*Susan C. Bucklew*

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

4