UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE KOLITSOPOULOS,

    Plaintiff,

v.    Case No.  8:06-cv-177-T-24 MAP

INTERNAL REVENUE SERVICE,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss and Supplemental Memorandum.  (Doc. No. 10, 12).  Plaintiff opposes the motion.  (Doc. No. 13).

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Id. at 47.  All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital

Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Defendant Internal Revenue Service  moves to dismiss this case for failure to state a claim, arguing that the doctrine of res judicata bars this tax refund suit.  Specifically, Defendant argues that the claims in this case were all part of an earlier lawsuit, George Kolitsopoulos, et al. v. Internal Revenue Service, 8:02-cv-845-T-24-MAP.  Therefore, a brief discussion of the events that occurred in the prior case is necessary.

In the prior case, Plaintiff filed suit against Defendant for a refund of the following: (1) an overpayment of $4,374.77 in interest relating to payroll taxes that were in arrears for the period of December 31, 1981 through November 15, 1982, (2) an overpayment of $4,907 due to his 1987 estimated tax payments, (3) an overpayment of $2,169 due to his 1990 estimated tax payments, and (4) an overpayment of $14,546.98 relating to payroll taxes owed for the last quarter of 1982.  (02-845: Doc. No. 1).  In response, Defendant moved to dismiss the prior case for lack of subject matter jurisdiction.  (02-845: Doc. No. 19).  One of the arguments made by Defendant was that Plaintiff could not pursue a refund of any of the overpayments other than the overpayment of $14,546.98 relating to payroll taxes owed for the last quarter of 1982, because Plaintiff did not file an administrative claim for refund relating to the other overpayments.[1]  (02-845: Doc. No. 19).  In responding to the motion, Plaintiff conceded to failing to file any administrative claims for refund relating to the other overpayments.  (02-845: Doc. No. 21).  The Court granted the motion to dismiss, finding that (1) Plaintiff could not pursue a refund of any of

---

[1] Willis v. U.S., 2003 WL 1870546, at *1 (W.D. Wash. Jan. 15, 2003)(stating that timely filing of an administrative refund claim is an element necessary for the court's subject matter jurisdiction).

the overpayments other than the overpayment of $14,546.98 relating to payroll taxes owed for the last quarter of 1982, because Plaintiff did not file any administrative claims for refund relating to the other overpayments; and (2) Plaintiff failed to allege the jurisdictional prerequisites for the overpayment relating to the payroll taxes owed for the last quarter of 1982. (02-845: Doc. No. 25).

Thereafter, Plaintiff filed an amended complaint and a second amended complaint in the prior case. (02-845: Doc. No. 27, 32). In the second amended complaint in the prior case, Plaintiff asserted a tax refund claim relating only to the overpayment of his payroll taxes for the last quarter of 1982. (02-845: Doc. No. 32). The Court held a non-jury trial on this claim and awarded Plaintiff $300, plus prejudgment interest. (02-845: Doc. No. 58). The Court awarded Plaintiff $300, because his recovery was limited to the overpayments made in the two years prior to the date that he filed his claim for a refund pursuant to 26 U.S.C. § 6511.

Plaintiff appealed the judgment, and the Eleventh Circuit affirmed. (02-845: Doc. No. 72). In its opinion, the Eleventh Circuit noted in a footnote that Plaintiff attempted to argue on appeal that he had provided Defendant with constructive notice of his overpayment of payroll taxes owed for the final quarter of 1982, and therefore, he had a defense to § 6511's timeliness requirements. (02-845: Doc. No. 72). The Eleventh Circuit stated that it would not consider that argument, because it was not raised before the district court. (02-845: Doc. No. 72).

Thereafter, Plaintiff filed the instant case, in which he seeks a refund for the same overpayments that were set forth in the original complaint in the prior case: (1) an overpayment of $4,374.77 in interest relating to payroll taxes that were in arrears for the period of December 31, 1981 through November 15, 1982, (2) an overpayment of $4,907 due to his 1987 estimated

3

tax payments, (3) an overpayment of $2,169 due to his 1990 estimated tax payments, and (4) an overpayment of $14,546.98 relating to payroll taxes owed for the last quarter of 1982. (06-177: Doc. No. 1). The allegations in the complaint in the instant case are identical to those that were set forth in the original complaint in the prior case, except for the addition of the following statement in the instant complaint: "In light of the remarks and conclusions of the 11th Circuit Court of Appeals, Plaintiff is refilling [sic] this case in total with emphasis on the fact that the Plaintiff did provide constructive notice to any and all agents or officers of the Internal Revenue Service at each and every opportunity."

### III.  Motion to Dismiss

Defendant moves to dismiss this case for failure to state a claim, arguing that the doctrine of res judicata bars this tax refund suit. Res judicata bars the filing of a claim when the following elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

With regards to Plaintiff's request for a refund for the overpayment relating to payroll taxes owed for the last quarter of 1982, this claim is barred by res judicata, as all four elements are present. There is a final judgment on the merits of this claim in the prior case (as judgment was entered in favor of Plaintiff on this claim for $300, plus prejudgment interest); the decision was rendered by this Court, which is a court of competent jurisdiction; both Plaintiff and Defendant are parties in both suits; and the same request for a refund is involved in both cases.

With regards to Plaintiff's request for a refund relating to (1) an overpayment of

4

$4,374.77 in interest relating to payroll taxes that were in arrears for the period of December 31, 1981 through November 15, 1982, (2) an overpayment of $4,907 due to his 1987 estimated tax payments, and (3) an overpayment of $2,169 due to his 1990 estimated tax payments, which this Court previously dismissed for lack of subject matter jurisdiction, the Court finds that Plaintiff is barred from re-litigating the issue of this Court's subject matter jurisdiction over these claims. See Magnus Electronics, Inc. v. La Republica Argentina, 830 F.2d 1396, 1400 (7th Cir. 1987)(stating that a dismissal for lack of subject matter jurisdiction precludes re-litigation of the issue of whether the first tribunal had jurisdiction).  In Magnus, the court found that filing a second suit that added factual allegations regarding subject matter jurisdiction did not preclude the operation of res judicata when the additional factual allegations were available to the plaintiff at the time that he filed the initial suit. See id. at 1401.  The Magnus court stated that "it does not make sense to allow a plaintiff to begin the same suit over and over again in the same court, each time alleging additional facts that the plaintiff was aware of from the beginning of the suit, until [he] finally satisfies the jurisdictional requirements." Id.

     Furthermore, with regards to Plaintiff's request for a refund for the overpayments not relating to payroll taxes owed for the last quarter of 1982, the Court notes that it dismissed these claims for lack of subject matter jurisdiction on June 26, 2003.  Thereafter, Plaintiff amended his complaint twice and never sought to add any factual allegations regarding subject matter jurisdiction for these claims.  Given Plaintiff's lack of diligence and given that the additional factual allegation concerns constructive notice allegedly given many years ago (and thus known to him at the time that he filed the prior case), the Court finds that it should not indulge Plaintiff's belated attempts to cure the jurisdictional deficiency found by this Court in the prior

case.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 10) is **GRANTED**.  The Clerk is directed to terminate all pending motions and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of June, 2006.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record